UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WANDA J. CARMEL,

                                Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                          14-CV-6385L

                        v.

CSH&C, et al.,

                                Defendants.
_____

       Wanda J. Carmel, appearing *pro se*, commenced this action against some fifteen defendants[1], alleging an array of claims, including disability discrimination, violations of the Health Insurance Portability and Accountability Act, fraud, and other claims. Plaintiff has paid her $400 filing fee.

       Although plaintiff is not seeking to proceed *in forma pauperis*, this Court nevertheless has some obligation to examine her complaint to determine whether it states a facially valid, non-frivolous claim. Based on what plaintiff has submitted, the Court must answer that question in the negative.

---

[1] It is difficult to tell from plaintiff's complaint form precisely how many defendants she is suing, since their names are crammed into a small space on the form, some of their names are abbreviated, and it is not clear whether some of the names are meant to refer to separate defendants, or are simply parts of the name of a single defendant or entity.

Plaintiff has filed a five-page form complaint, listing various types of claims, *e.g.*, "civil rights, human rights, ADA, ... inappropriate use of man power - police, stalking - police," and so on. Some of the items listed, such as "daughter of veteran," do not have any obvious relevance to any cognizable legal theory, while others are either illegible or incomprehensible.

Attached to that form are 134 pages of exhibits, ranging from medical records to copies of utility bills to song lyrics. While some of these exhibits do indicate that plaintiff has had certain problems in the past with some of the defendants, the exhibits are not presented in any organized fashion, and it is impossible to make any sense out of them as a whole.

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). The court must therefore use caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of the plaintiff's allegations. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

As stated, however, the court has an obligation to determine that a claim is not legally frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (a district court may dismiss a frivolous complaint *sua sponte* notwithstanding the fact that the plaintiff paid the statutory filing fee); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (a district court has the power to *sua sponte* dismiss a case for failure to state a claim); *Robinson v. Brown*, No. 11-CV-0758, 2012 WL 6799725, at *19 (N.D.N.Y. Nov. 1, 2012) ("The law in this circuit is that a district court may sua sponte dismiss a frivolous complaint even if the plaintiff has paid the filing fee") (citations omitted), *Report and Recommendation adopted*, 2013 WL 69200 (N.D.N.Y. Jan. 4,

2013). At the very least, the court has an obligation to determine whether it has subject matter jurisdiction over the plaintiff's claims. *See Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir.) (issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking").

In addition, while some liberality is allowed in construing *pro se* complaints, even a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim. *See Carita v. Mon Cheri Bridals, LLC*, No. 10-2517, 2012 WL 3638697, at *2 (D.N.J. Aug.22, 2012) ("It is not the Court's duty to pore through hundreds of pages of evidentiary record in order to find one party's saving grace buried underneath"); *Lacadie v. Town of Milford*, Civ. No. 07-101, 2008 WL 1930410, at *6 n.8 (D.Me. May 1, 2008) ("Courts are not required or even expected to independently sift through the record in search of evidence that might salvage a *pro se* plaintiff's case"), *Report and Recommendation adopted*, 2008 WL 2510163 (D.Me. June 19, 2008).

In general, however, a *pro se* litigant's complaint should not be dismissed, *sua sponte*, without giving the plaintiff notice and an opportunity to remedy the complaint's defects. *See*, *e.g.*, *Palkovic v. Johnson*, 150 Fed.Appx. 35, 37 (2d Cir. 2005); *Taype-Miranda v. Cruz*, No. 10 CIV. 07770, 2013 WL 3114783, at *1 (S.D.N.Y. May 8, 2013), *Report and Recommendation adopted*, 2013 WL 3716896 (S.D.N.Y. July 16, 2013). I believe that the best way to do that here is by allowing plaintiff to file an amended complaint, setting forth the factual and legal bases for her claims, as set forth in the Conclusion of this Decision and Order.

## CONCLUSION

Plaintiff is hereby directed to file an amended complaint, within thirty (30) days after the date of filing of this Decision and Order. The amended complaint must set forth: (1) the defendants whom plaintiff is suing; (2) the factual basis for plaintiff's claims; and (3) the legal basis for her claims, including the basis for federal subject matter jurisdiction in this Court. If plaintiff fails to comply with this directive, either by failing to file an amended complaint or by filing an amended complaint that does not meet these criteria, this action will be dismissed.

Service of process upon the defendants is hereby stayed, pending further order of the Court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 23, 2014.

.